PITTS., CINCI., CHIC., & ST. LOUIS RY. CO. v. GUARANTEE FIN. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2798. Decided Apr. 12, 1926

355. DAMAGES—Where contract, whereby railroad is to deliver certain cars to consignee, is breached and consignee is deprived of the entire shipment, the measure of damages is the value of the entire shipment, and differences arising between the railroad and other Companies not parties to the contract cannot vary or mitigate this damage.

BUCHWALTER, P. J.

The Seymour Cabinet Co. of Indiana, entered into a contract with the J. H. Vanden Boom Co. of Kansas City for the manufacture and sale of certain furniture. The Cabinet Co. entered into an agreement with the Guarantee Finance & Securities Co. to finance the cost necessary to produce the furniture, certain past-dated checks of the Vanden Boom Co. being turned over to the Finance Co.

As the furniture was completed it was delivered to one Edward Brink, agent of the Finance Co., who shipped it as consignor to himself as consignee at Kansas City with instructions to notify him at Cincinnati of the arrival of the cars. The first car was delivered at Kansas City to the Vanden Boom Co. without notice to the consignee. The second car was likewise consigned but while in transit; the Pittsburg, Cincinnati, Chicago & St. Louis Railway Co. was ordered by the consignor to direct the shipment to St. Louis and the company notified the consignee that the car had so been diverted.

This shipment was not diverted but delivered to the Vanden Book Co. warehouse and that company by attachment proceedings secured the property, the return showing that the goods were attached as the property of the Cabinet Co.

The Finance Co. brought an action in the Superior Court of Cincinnati against the Railway Co. for breach of contract for failure to deliver the furniture consigned to Brink; and recovered judgment for the value of the furniture. Error proceedings were instituted and the errors complained of by the Railway Co. were the refusal to permit the Vanden Boom Co. to be made a party defendant under 11318 GC.; that the damages were excessive in that as to the first car damages could only be nominal since the goods were fully paid for by the Vanden Boom Co.; and as to the second car its liability was excused because said car was taken by legal proceedings. The Court of Appeals held:

1. While Brink was named as a party defendant, no service was ever had or attempted to be had on him or upon the Finance Co.

2. It appears that the agents of the Railway Co. were endeavoring to assist the Vanden Boom Co. to secure the contents of the car without knowledge of Brink.

3. This action is between the Finance Co. and the Railway Co., and other companies not party to the contract cannot interject their differences in the matter so that the lower court did not err in excluding the Vanden Boom Co. as a party defendant.

4. It is claimed that the Finance Co. had only an interest for money advanced and that certain amounts due to the Vanden Boom Co. from the Cabinet Co. should be deducted.

5. This question cannot be raised by the Railway Co. for the reason that if the measure of damage was other than the full amount of the shipment it might be sued for by another person or Company and since there was no contract between such other company and the Railway Co. an answer of no contract would be a complete defense to the Railway Co.

6. The specific contract between the Finance Co. and the Railway Co. having been breached, the Finance Co. being deprived of the entire shipment; the damage therefore is the value of such shipment.

Judgment affirmed.

Attorneys—Maxwell & Ramsey & Thomas H. Morrow for Railway Co.; W. H. Fox & E. H. Brink for Finance Co.; all of Cincinnati.